UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARJORY D. RAY,　　　　　　　　　　　　　Case No. 1:11-cv-194

　　　　Plaintiff,　　　　　　　　　　　　　　Spiegel, J.
　　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.
　　v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

　　　　Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Marjory Ray filed this Social Security appeal in order to challenge the Defendant's findings that she is not disabled.  *See* 42 U.S.C. §405(g).  Proceeding through counsel, Plaintiff presents two claims of error for this Court's review.  For the reasons explained below, I conclude that this case should be REMANDED because the finding of non-disability is not supported by substantial evidence in the administrative record.

**I. Summary of Administrative Record**

In October 2002, Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") alleging that she became unable to work in December 2000 because of pain in her neck, back, shoulders, arms, and wrists (Tr. 30, 494).  Plaintiff's claims were denied initially and on reconsideration.  (Tr. 13). Plaintiff requested a hearing, and in December 2004, Administrative Law Judge Samuel Rodner ("ALJ Rodner") rendered a decision, finding that Plaintiff was able to perform a limited range of light work.  (Tr. 27-36).

Plaintiff did not appeal this decision, and instead filed another set of applications for DIB and SSI in October 2005, alleging disability as of June 2005 due to depression, degenerating discs, bone spurs, arthritis, fibromyalgia, heart problems, chronic pulmonary obstructive disorder, and tinnitus. (Tr. 63-66, 83). After Plaintiff's claims were denied initially and upon reconsideration, she requested a hearing *de novo* before an ALJ. (Tr. 25-26). An administrative hearing was held in January 2009. (Tr. 529-57). At the hearing, ALJ Miller heard testimony from Plaintiff and Micha Daoud, an impartial vocational expert. Thereafter, on February 3, 2009, ALJ Miller denied Plaintiff's application in a written decision. (Tr. 13-22).

After reviewing the medical evidence and citing *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997) ("When the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances."), ALJ Miller adopted ALJ Rodner's residual functional capacity ("RFC") finding, with a few changes, that Plaintiff could perform a restricted range of light, unskilled work. (Tr.10-22). Specifically, the record on which the ALJ's decision was based reflects that Plaintiff graduated from high school and past relevant work as a meat grinder, machine tender and packager. (Tr. 20, 21). Plaintiff was born in 1958 and was 47 years old at the time of the ALJ's decision. Upon consideration of the record, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease; degenerative joint disease; fibromyalgia; cervical and thoracic spine disease; lumbosacral pain; and dysthymic disorder." (Tr. 16).

Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform light work, with the following exceptions:

> She can lift 20 pounds occasionally and 10 pounds frequently, sit six hours in an eight-hour workday, needs to alternate position between sitting and standing. She is limited to frequent fingering and handling. Due to her emotional problems, she is moderately limited when dealing with stress, limited to performing simple repetitive tasks and understand and carry out only simple instructions, and she cannot perform fast paced jobs.

(Tr. 17). Based upon testimony from the vocational expert, and given Plaintiff's age, education, work experience, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as carton packaging machine operator, extractor machine operator, and textile inspector. (Tr. 21). Accordingly, the ALJ determined that Plaintiff was not under disability, as defined in the Social Security Regulations, and was not entitled to SSI after September 29, 2006. (Tr. 27).

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff first argues that the ALJ erred in accepting the residual functional capacity from a prior decision under *Drummond*. Plaintiff's second assignment of error asserts that the ALJ erred in rejecting the opinion of Plaintiff's treating physician. As discussed below, the Court finds the ALJ's decision is not supported by substantial evidence and should be remanded.

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for SSI a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §§423(a), (d), 1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen*, 476 U.S. at 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). Thus, a plaintiff seeking benefits must present sufficient evidence to show that, during the relevant time period, he or she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

**B. Specific Assignments of Errors**

*1. Res Judicata*

In *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997), the Sixth Circuit held that a prior ALJ's decision would be *res judicata* regarding a claimant's RFC if no new evidence was presented. The Social Security Administration has taken

5

the position that new and material evidence with respect to a claimant's functional capacity and medical condition is needed in order for a subsequent adjudicator to find a different residual functional capacity. AR 98-4(6).

Here, ALJ Miller noted that ALJ Rodner had issued a prior decision on December 8, 2004 in which he determined that despite having severe impairments, Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 13). On the record before her, ALJ Miller concluded that despite "some difference in her severe impairments the residual functional capacity in the prior decision is determined to be appropriate with some additional changes." (Tr. 14). Upon careful review, the undersigned finds that ALJ's findings are not entitled to *res judicata*, because there is no indication from the ALJ's decision that she properly considered medical evidence acquired after the prior decision.

The record indicates that Plaintiff has a long history of low back pain and degenerative disc disease. The ALJ, however, determined that the objective medical evidence does not confirm the severity of Plaintiff's allegations of severe pain. (Tr. 20). The ALJ noted that Plaintiff suffered from "only mild degenerative disc disease" and that "MRI findings showed only minimal changes." (Tr. 20). With respect to Plaintiff's low back pain, the ALJ noted that an MRI of Plaintiff's low back performed in November 2006 revealed "a normal lumbar spine with no evidence of disc herniation, canal or foraminal stenosis." (Tr. 20). The ALJ also noted that MRI's performed of Plaintiff's thoracic and cervical spine performed on March 24, 2007 showed only mild disc protrusions. (Tr. 18. 193-94, 199, 207-08). The ALJ further cited to the July 2007

6

treatment notes from Dr. Foad, a rheumatologist, who opined that x-rays of Plaintiff's lumbar spine were unremarkable.  (Tr. 20).

Plaintiff asserts, however, that the ALJ's decision is not supported by substantial evidence because she fails to take into consideration Plaintiff's most recent MRI of the cervical spine performed on October 30, 2008 and an EMG/NCS study performed in April 2007.  Notably, the October 2008 MRI showed "moderate to severe multilevel neural foraminal narrowing. . . relat[ing] predominately to unconvertebral hypertrophic changes."  (Tr. 452).  The interpreting physician further indicated that hypertrophic disc changes also caused narrowing of the thecal sac.  *Id.*  In light of these clinical findings, Plaintiff argues that the ALJ improperly concluded that "MRI findings showed only minimal changes" and subsequently determining that Plaintiff's condition had not deteriorated since the prior decision.

The Commissioner asserts that although the ALJ never directly referenced the October 2008 neck MRI, the ALJ's decision is substantially supported because she properly analyzed Plaintiff's treatment history in October and December 2008 with Dr. Rorick, the physician who ordered the October 2008 neck MRI.  (Tr. 18-19, 454).  Specifically, the ALJ noted that Dr. Rorick observed in December 2008 that Plaintiff had full range of motion in her neck and reported improvement in her arms and neck after taking Gabapentin for about six weeks.  Thus, based upon Plaintiff's conservative treatment history and reported improved range of motion, the Commissioner asserts that the ALJ reasonably determined that Plaintiff's physical condition had not deteriotred since the prior decision.  The Commissioner's assertion is not well-taken.

7

As a rule, the ALJ must build an accurate and logical bridge between the evidence and his conclusion. *Fleischer v. Astrue*, 774 F. Supp.2d 845, 877 (N.D. Ohio 2011); *see also Wilson v. Comm. of Soc. Sec.*, 378 F.3d 541, 544-46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion). Thus, "an ALJ's decision must articulate with specificity reasons for the findings and conclusions that he or she makes." *Bailey v. Commissioner of Social Security*, 173 F.3d 428, 1999 WL 96920 at *4 (6th Cir. Feb. 2, 1999). *See also Hurst v. Secretary of Health and Human Services*, 753 F.2d 517 (6th Cir. 1985) (articulation of reasons for disability decision essential to meaningful appellate review); Social Security Ruling (SSR) 82-62 at *4 (the "rationale for a disability decision must be written so that a clear picture of the case can be obtained").

When an ALJ fails to mention relevant evidence in his or her decision, "the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Morris v. Secretary of Health & Human Services*, No. 86-5875, 1988 WL 34109 at *2 (6th Cir. April 18, 1986) (*quoting Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981); *see also Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996) (court cannot uphold the decision of the ALJ, even where there may be sufficient evidence to support the decision, if "the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result").

The undersigned recognizes that it is the duty of the ALJ, and not the Court, to weigh the medical evidence. However, the ALJ's failure to address the October 2008

8

MRI and to provide a substantive basis for rejecting this evidence prevents the Court from engaging in meaningful review of the ALJ's decision. *See Hurst v. Secretary of Health and Human Services*, 753 F.2d 517 (6th Cir. 1985) (articulation of reasons for disability decision essential to meaningful appellate review); Social Security Ruling (SSR) 82-62 at *4 (the "rationale for a disability decision must be written so that a clear picture of the case can be obtained").

The Court is cognizant that an ALJ can consider all the medical opinion evidence without directly addressing in his written decision every piece of evidence submitted by a party, *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006), but her factual findings as a whole must show that she implicitly resolved such conflicts. *Karger v. Commissioner of Social Sec.*, 414 Fed. Appx. 739, 749, 2011 WL 477682, at *10 (6th Cir. 2011). The ALJ's failure in this case to even acknowledge the October 2008 MRI, and address the purported change in the severity of Plaintiff's degenerative disc disease since the prior decision, was clear error.

*2. Weight to the treating physician*

Plaintiff's second assignment of error asserts that the ALJ erred in discounting the opinion of his treating physician, Dr. Ramirez. The record indicates that Dr. Ramirez treated Plaintiff for fibromyalgia, insomnia, degenerative disc disease of the spine and chronic low back pain. In March 2008, Dr. Ramirez opined that Plaintiff could only stand, walk, and sit for minutes, not hours; could lift up to only 5 pounds occasionally; was markedly limited in pushing/pulling and repetitive foot movements; and was moderately limited in bending and reaching. (Tr. 334-35). She also opined that Plaintiff was "unemployable," and was expected to remain so for at least twelve months. (Tr.

335). Thereafter, in December 2008, at the request of Plaintiff's attorney, Dr. Ramirez completed a "Medical Assessment of Ability to do Work Related Activities" relating to Plaintiff's functional limitations. (Tr. 468-72). Dr. Ramirez found that Plaintiff could lift less than five pounds only occasionally; could walk for a total of two hours in an eight-hour workday; could sit for six to seven hours in an eight-hour workday; and could occasionally climb, stoop, kneel, balance, crouch, and crawl. (Tr. 468-72).

The ALJ gave "little weight" to Dr. Ramirez' December 2008 medical assessment. In so concluding, the ALJ determined that Dr. Ramirez' limitations were inconsistent with Plaintiff's testimony and were unsupported by the objective evidence of record. Specifically, the ALJ found "there are insufficient clinical signs of low back and neck pain on which to base this opinion." (Tr. 20). The ALJ's findings in this regard are not substantially supported.

"The ALJ 'must' give a treating source opinion controlling weight if the treating source opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and is 'not inconsistent with the other substantial evidence in [the] case record.'" *Blakley v. Commissioner Of Social Sec.,* 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Wilson* v. *Commissioner,* 378 F.3d 541, 544 (6th Cir. 2004). A finding by the ALJ that a treating physician's opinion is not consistent with the other substantial evidence in the case record "means only that the opinion is not entitled to 'controlling weight,' *not that the opinion should be rejected.*" Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *4 (emphasis added). "Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." *Blakley*, 581 F.3d at 408. These factors include the length,

10

nature and extent of the treatment relationship and the frequency of examination. 20 C.F.R. § 404.1527(c)(2)(i)(ii); 416.927(c)(2)(i)(ii); *Wilson*, 378 F.3d at 544. In addition, the ALJ must consider the medical specialty of the source, how well-supported by evidence the opinion is, how consistent the opinion is with the record as a whole, and other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(3)-(6), 416.927(c)(3)-(6); *Wilson v. Commissioner,* 378 F.3d 541, 544 (6th Cir. 2004).

The ALJ must satisfy the clear procedural requirement of giving "good reasons" for the weight accorded to a treating physician's opinion: "[A] decision denying benefits 'must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.' Social Security Ruling 96-2p, 1996 WL 374188, at *5 (1996)." *Wilson,* 378 F.3d at 544. The specific reasons requirement exists not only to enable claimants to understand the disposition of their cases, but to ensure "that the ALJ applies the treating physician rule and permit[] meaningful review of the ALJ's application of the rule." *Id.* Only where a treating doctor's opinion "is so patently deficient that the Commissioner could not possibly credit it" will the ALJ's failure to observe the requirements for assessing weight to a treating physician not warrant a reversal. *Id.* at 547.

Here, the ALJ gave "little weight" to Dr. Ramirez' opinions, in part, because "there are insufficient clinical signs of low back and neck pain on which to base this opinion." (Tr. 17). However, the ALJ made such a finding without discussing and/or addressing the October 2008 MRI which revealed, *inter alia*, "moderate to severe multilevel neural

11

foraminal narrowing." (Tr. 451). As noted above, when the treating physician's opinion is not given controlling weight, the ALJ must provide "good reasons" for doing so. 20 C.F.R. § 404.1527(c)(2). Good reasons "must be supported by the evidence in the record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Blakely*, 581 F.3d at 406-07. As found by the Sixth Circuit in *Wilson*, even where the decision of the Commissioner is supported by substantial evidence, reversal is required where the agency fails to follow its own procedural regulations and where the regulation was intended to protect applicants. *Wilson*, 378 F.3d at 544. Here, without a discussion of the October 2008 MRI, the Court is unable to determine if the ALJ properly discounted Dr. Ramirez' assessment because it was not supported by substantial objective evidence. *Id.* at 544-45.

For these reasons, the undersigned finds that the ALJ erred in evaluating Dr. Ramirez' opinions. This matter should be remanded for further proceedings so that the ALJ can properly evaluate the medical evidence of record in accordance with agency regulations and controlling law.

### III. Conclusion and Recommendation

This matter should be remanded pursuant to Sentence Four of § 405(g) for further proceedings consistent with this Report and Recommendation. A sentence four remand under 42 U.S.C. §405(g) provides the required relief in cases where there is insufficient evidence in the record to support the Commissioner's conclusions and further fact-finding is necessary. *See Faucher v. Secretary of Health and Human Servs.,* 17 F.3d 171, 174 (6th Cir. 1994) (citations omitted). In a sentence four remand, the Court makes a final judgment on the Commissioner's decision and "may order the

Secretary to consider additional evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place." *Faucher,* 17 F.3d at 175.  All essential factual issues have not been resolved in this matter, nor does the current record adequately establish Plaintiff's entitlement to benefits as of her alleged onset date.  *Faucher*, 17 F.3d at 176.

For the reasons explained herein, **IT IS RECOMMENDED THAT**:

1.  The decision of the Commissioner to deny Plaintiff DIB benefits be **REVERSED** and this matter be **REMANDED** under sentence four of 42 U.S.C. §405(g).

2.  On remand, the ALJ be instructed to properly assess and evaluate the opinion evidence, including but not limited to the 2007 EMG results and the October 2008 MRI of Plaintiff's cervical spine.

3.  As no further matters remain pending for the Court's review, this case be **CLOSED.**

      *s/Stephanie K. Bowman*
      Stephanie K. Bowman
      United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MARJORY D. RAY,                               Case No. 1:11-cv-194

      Plaintiff,                                    Spiegel, J.
                                                   Bowman, M.J.

  v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).